UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR MANUEL PUELLO TEJADA, | Civil Action No. 16-8874 (JLL) |
| Petitioner, | |
| v. | OPINION |
| ORLANDO RODRIGUEZ, et al., | |
| Respondents. | |

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Victor Manuel Puello Tejada, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer (ECF No. 2), the Government filed two responses to the Petition. (ECF No. 5, 7). Petitioner did not file a formal reply brief. For the following reasons, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of the Dominican Republic who entered this country and became a lawful permanent resident in 1995. (Document 1 attached to ECF No. 5 at 2). In April 11, 2008, however, Petitioner was convicted of possession of cocaine in the Superior Court of New Jersey, Union County. (*Id.*). Following his release from detention on his drug conviction, immigration officials took Petitioner into immigration custody on May 4, 2016, and initiated removal proceedings against him. (*Id.* at 11). Petitioner was thereafter ordered removed by an immigration judge on November 17, 2016. (*Id.* at 28). Petitioner appealed, but the Board of Immigration Appeals ("BIA") dismissed his appeal by way of a written opinion on March 23, 2017. (Document 1 attached to ECF No. 7). Petitioner has apparently not appealed the dismissal

1

of his appeal, nor sought a stay of removal in the Court of Appeals. (ECF No. 7 at 1 n. 1). Petitioner has remained in immigration detention throughout his immigration proceedings. (ECF No. 1, 5, 7).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner contends that his continued immigration detention violates Due Process. In order to examine that claim, this Court must first determine the statutory basis for Petitioner's detention. While 8 U.S.C. § 1226(c) governs the detention of aliens who have been convicted of a crime prior to their receipt of a final order of removal, once a final order of removal is issued, an alien is instead subject to mandatory detention under 8 U.S.C. § 1231(a). Under that statute, upon the entrance of a final order of removal an alien enters a statutory 90 day removal period during which the Government is required by law to detain the alien. *See* 8 U.S.C. §

2

1231(a)(2); *see also* 8 U.S.C. § 1231(a)(1)(B)(ii). Thus, once an alien is subject to a final order of removal, his detention is governed by § 1231, unless and until he seeks review of his removal order by filing a petition for review with the Court of Appeals and is granted a stay of removal. *See* 8 U.S.C. § 1231(a)(1)(B)(ii). In this matter, Petitioner received an administratively final order of removal when the BIA dismissed his appeal on March 23, 2017, and Petitioner entered his 90 day removal period upon that date as he has not filed an appeal with the Court of Appeals. 8 U.S.C. § 1231(a)(1)(B)(1).

Because Petitioner is subject to a final order of removal and has not sought review nor a stay from the Court of Appeals, the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas*. In *Zadvydas*, the Court observed that § 1231(a) requires the Government to detain all aliens subject to administratively final orders of removal during the statutory ninety day removal period. 501 U.S. at 683. The Court further held that the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these statutory provisions, the *Zadvydas* Court in turn held that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore not violative of Due Process. *Id.* at 701. Thus, where a removable alien has been detained under § 1231 for less than six months following a final order of removal, his challenge must be denied as premature. *Id.*

Petitioner received his administratively final order of removal on March 23, 2017. As fewer than ninety days have passed since the entry of his final order of removal, Petitioner is still well within the ninety day removal period during which the Government is required by statute to detain him. Because Petitioner is still within the removal period, and has certainly been held for

3

fewer than six months following the entry of his final order of removal, his detention is presumptively reasonable and his current habeas petition is premature. *Id.* Petitioner's habeas petition must therefore be denied without prejudice at this time.

### III. CONCLUSION

For the reasons expressed above, this Court will deny Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice as premature. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge